980 F.2d 741
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Fred L. SANDERS, Defendant-Appellant.
 No. 91-2299.
 United States Court of Appeals, Tenth Circuit.
 Nov. 17, 1992.
 
 Before JOHN P. MOORE, Circuit Judge, LAY, Senior Circuit Judge,[1] and STEPHEN H. ANDERSON, Circuit Judge.
 ORDER AND JUDGMENT[2]
 LAY, Senior Circuit Judge.
 
 
 1
 Fred Sanders appeals his conviction for making a false statement to obtain a loan from a bank insured by the Federal Savings & Loan Insurance Corporation, in violation of 18 U.S.C. § 1006, and for two counts of bank fraud, in violation of 18 U.S.C. § 1344. Sanders complains that the trial court incorrectly admitted evidence of uncharged conduct in violation of Federal Rule of Evidence 404(b). We review evidentiary questions of this nature under an abuse of discretion standard. See United States v. Harrison, 942 F.2d 751, 759 (10th Cir.1991).
 
 
 2
 Sanders, president of the Artesia, New Mexico branch office of the Valley Federal Savings Bank, was convicted of concealing his interest in a $60,000 loan from the bank to an acquaintance. He was also convicted of defrauding the bank by concealing payments made indirectly to his wife from an account he set up at the bank to assist in the sale and renovation of bank property.
 
 
 3
 Sanders asserts that the trial court erred in admitting testimony from Gary Taylor, a local general contractor, discussing another transaction involving bank funds. During the trial, Sanders objected to introduction of Government's Exhibit 18, which concerned the transaction. He based the objection on grounds of relevancy and prejudice, but in his brief to this court, he cites Rule 404(b). In order to preserve an objection for appeal, "a party must make a timely and proper objection, 'stating the specific ground of objection, if the specific ground was not apparent from the context.' " United States v. Mendoza-Salgado, 964 F.2d 993, 1008 (10th Cir.1992) (quoting United States v. Taylor, 800 F.2d 1012, 1017 (10th Cir.1986), cert. denied, 484 U.S. 838 (1987)). It is doubtful whether an objection based on Rule 404(b) was clear from the context. In any event, an examination of the record shows that after Sanders's objection was overruled, the prosecution did not introduce the exhibit. Instead, it was introduced by Sanders during cross examination of Taylor. A party cannot profit on appeal from his own introduction of evidence at trial.
 
 
 4
 For the above reasons, Sanders's conviction is affirmed.
 
 
 
 [1]
 Honorable Donald P. Lay, Senior Circuit Judge for the United States Court of Appeals for the Eighth Circuit, sitting by designation
 
 
 [2]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3